1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  JOHN HASTINGS, et al.,                                CASE NO. 15cv312-LAB (RBB)

12                                    Plaintiffs,      **ORDER GRANTING MOTION TO**
                                                      **DISMISS FOR LACK OF PERSONAL**
13            vs.                                      **JURISDICTION**

    TRIUMPH PROPERTY MANAGEMENT
14  CORPORATION,

15                                    Defendant.

16

17        Plaintiffs John and Jill Hastings brought this putative class action against Triumph

18  Property Management Corporation for violations of the Telephone Consumer Protection Act

19  (TCPA), 47 U.S.C. §§ 227, *et seq.*  Triumph then moved to dismiss.  The motion sought

20  dismissal for lack of personal jurisdiction and improper venue, for failure to state a claim.

21  It also asked the Court to strike class allegations. In the alternative, it sought transfer of this

22  action to the District of Nevada, where Triumph is located.

23  **Legal Standards**

24        The Court decides threshold issues such as personal jurisdiction and venue before

25  reaching the merits.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S,. 574, 584–85 (1999)

26  (holding that federal courts are "powerless to proceed to an adjudication" until personal

27  jurisdiction is established); *Larson v. Galiher*, 2007 WL 81930, at *1 (D. Nev. Jan. 5, 2007)

28  (explaining that the court must first address questions of personal jurisdiction and venue

1  before proceeding to the merits).  For reasons explained below, the Court need only reach

2  the personal jurisdiction issue.

3       The party seeking to invoke the Court's jurisdiction bears the burden of establishing

4  it.  *See Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001). At this stage, only a prima

5  facie case is required.  *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir.

6  2001).

7  **Discussion**

8       Triumph, a property management and real estate company, argues it does business

9  only in Nevada and is located entirely within that state.  (Mot. to Dismiss, 3:14–16, 18.) It

10  says it does not know who Plaintiffs are and has never called their number, which it identifies

11  as a Nevada number.  Plaintiffs accept that Triumph is located solely in Nevada, but argue

12  the Court has specific personal jurisdiction over it arising out of Triumph's aiming of its

13  activity at this District.  They also argue that their phone number, which has area code 602,

14  is <u>not</u> a Nevada phone number, and that Triumph has misread the complaint.

15       In analyzing specific jurisdiction, the Court applies a three-prong test:

16       (1) The non-resident defendant must purposefully direct his activities or
         consummate some transaction with the forum or resident thereof; or perform
17       some act by which he purposefully avails himself of the privilege of
         conducting activities in the forum, thereby invoking the benefits and
18       protections of its laws;

19       (2) the claim must be one which arises out of or relates to the defendant's
         forum-related activities; and
20
21       (3) the exercise of jurisdiction must comport with fair play and substantial
         justice, i.e. it must be reasonable.

22  *See Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205–06 (9th Cir. 2006).

23       Plaintiffs primarily argue that because Triumph called them in California, it has

24  satisfied the first prong of the test.  The problem with this is that, while Triumph may have

25  called them in California, there is no reason to suppose that Triumph did so knowing they

26  were California residents.  Although they are correct that area code 602 is not a Nevada

27  area code, it is not a California area code either.  Rather, it is an Arizona area code.

28  Plaintiffs' briefing avoids this altogether, and merely focuses on where Plaintiffs lived. Their

argument is that because Triumph directed its conduct towards them, and they are California residents, Triumph purposefully availed itself of the privilege of doing business in California. (*See* Opp'n to Mot. to Dismiss, 6:5–7, 7:18–20.)  The briefing is devoid of any suggestion that Triumph knew where Plaintiffs lived, or that it had any reason to know they lived in California.

In this Circuit, the express aiming requirement is satisfied if a defendant's conduct targets someone the defendant "knew or should have known" was a forum resident. *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 678 (9th Cir. 2012); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) (for personal jurisdiction purposes, requiring that defendant know the harm is "likely to be suffered in the forum state").

There is no reason to believe Triumph knew Plaintiffs were California residents, or even that Triumph should have known this.  Accepting all Plaintiffs' factual allegations as true, Triumph did not know where Plaintiffs lived. The only known information Triumph had about them — their phone number — identified them as possible Arizona residents, not California residents.  *Luna v. Shac*, LLC, 2014 WL 3421514 (N.D.Cal., July 14, 2014), another TCPA case, is illustrative.  Because the phone calls were made to phone numbers with <u>California</u> area codes, the court concluded that the defendant had purposefully aimed its activity at <u>California</u>.

> The Court agrees with Luna that where Shac intentionally sent text messages directly to cell phones with California based area codes, which conduct allegedly violated the TCPA and gave rise to this action, Shac expressly aimed its conduct at California. Likewise, Shac knew that the alleged harm caused by the text messages it sent to California cell phones was likely to be suffered in California. Accordingly, the "effects" test is satisfied, and Luna has met its burden of demonstrating that Shac purposefully directed its activity at the forum state.

*Id*. at 3.  Applying that reasoning here, and accepting Plaintiffs' allegations as true, by directing its communications to an <u>Arizona</u> phone number, Triumph might have been aiming

/ / /

/ / /

15cv312

1   its activity towards <u>Arizona</u>,[1] but not at California. The rule Plaintiffs would have this Court

2   adopt would effectively omit the "purposeful" element of the first prong and the "knew or

3   should have known" requirement set forth in *Washington Shoe* and *Schwarzenegger*, such

4   that personal jurisdiction for TCPA claims exists in the district where a plaintiff lives or

5   wherever the harm is felt, regardless of what the defendant knew or had reason to know.

6       Plaintiffs raise a minor argument that Triumph in fact does business outside of

7   Nevada, because of remarks on its website saying it caters to absentee landowners. (Opp'n

8   to Mot. to Dismiss, 7:1–8:4; Mot. to Dismiss, 9 n.2 (denying knowing the Plaintiffs or having

9   any records of dealing with them).) They argue that this should be part of the specific

10  jurisdiction analysis, however, and do not contend this should give rise to general jurisdiction.

11  Nor do they show or allege facts that could support general jurisdiction.

12      While the Court does take into account all contacts a defendant has with the forum,

13  even those not including wrongful activity, *see Yahoo! Inc.*, 433 F.3d at 1207, Plaintiffs don't

14  attempt to show the extent of Triumph's activity in this District or in California.  Instead, they

15  merely argue that Triumph aims some of its activity at non-local customers. They don't show

16  or allege how many (if any) absentee landowners live in California, nor how extensive

17  Triumph's dealings with them are.  The fact that Triumph is willing to work with out-of-state

18  customers and makes this known via its website does not give rise to personal jurisdiction

19  in California in this case.  *See Holland America Line Inc. v. Wartsila North America, Inc.*, 485

20  F.3d 450 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient

21  to establish personal jurisdiction.").

22      The Court therefore concludes the first prong of the specific personal jurisdiction test

23  is not met.  The second prong is therefore also not met.  And the facts fall far short of

24  establishing general personal jurisdiction.  The Court therefore holds Plaintiffs have not met

25  their burden of establishing personal jurisdiction.

26  / / /

27  _____

28      [1] As *Luna* points out, cell phone area codes are not absolute indicators of location.
2014 WL 3421514 at *3 n.2.

- 4 -

**Conclusion and Order**

Because the Court lacks personal jurisdiction over Triumph, the motion to dismiss for lack for personal jurisdiction is **GRANTED**.  Because the Court need not reach the venue issue, and cannot reach the merits, all other pending motions are **DENIED AS MOOT**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

Because no class has been certified, this ruling does not prejudice putative class members' claims.

**IT IS SO ORDERED**.

DATED:  December 14, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge

15cv312